UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
NO. 5:19-cv-00455-KCC

DR. DAVID B. PORTER,                                                          PLAINTIFF,

v.

DR. F. TYLER SERGENT and BEREA COLLEGE,               DEFENDANTS.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
PLAINTIFF'S RESPONSE TO DEFENDANT BEREA COLLEGE'S
PARTIAL MOTION TO DISMISS
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Introduction and Statement of the Case

The Plaintiff, Dr. David B. Porter, filed a Complaint in the Madison, Kentucky Circuit Court against his former employer, Berea College, on January 29, 2019. The Complaint alleged breach of contract, and employment discrimination resulting in his wrongful suspension and termination, and for the College's illegal retaliation against him, all in violation of the Kentucky Civil Rights Act "KCRA"), KRS 344.010 et seq. The Complaint carefully avoided claims against the College for Respondeat Superior and Negligent Hiring/Failure to Supervise, because the Plaintiff knew of College witnesses who stated that the putative employee was acting *sui generis,* and without knowledge of his employer, Berea College.

Plaintiff's Complaint was amended of right on February 4, 2019, prior to defendant's response. The first amendment did not affect the avoidance of claims against the putative employee.

The Plaintiff filed a separate Complaint in state court against only defendant Dr. F. Tyler Sergent, on April 2, 2019. The Complaint alleged defamation, portrayal in a false light, and illegal retaliation under KRS 344.280 (1), "KCRA." At the time of the events in question, both

1

parties were professors at Berea College. Again, this Complaint made no mention of correlative claims against Berea College, because College administrators had asserted that Dr. Sergent had acted in his individual capacity, rather than as a Student Government Association (SGA) advisor or employee, when he composed and sent emails defaming Dr. Porter.

On March 29, 2019, Berea College filed its Answer to Plaintiffs First Amended Complaint and, twice (see its page 15, paragraph 49: "Dr. Sergent acted on his own without consulting the Administration," and page 32, paragraph 141, "Defendant specifically denies that the College conspired with or enabled postings by Sergent and Williams…") denied that Dr. Sergent had acted with the College's knowledge, authority or support.

On May 14, 2019, Dr. Sergent filed a motion to dismiss Plaintiff's Complaint against him, claiming for the first time that he acted under a "qualified privilege" as a College employee. After thorough briefing, this motion was denied in state court on July 26, 2019.

Both defendants (i.e., Berea College and Dr. Sergent), then filed supporting motions to consolidate the two actions in state court. Plaintiff's Memorandum objecting to consolidation was overruled, and the two cases were consolidated on September 17, 2019.

Following consolidation, Dr. Porter received leave to amend on November 14, 2019, and filed an Amended Complaint[1] placing the two actions in context, and (because of Dr. Sergent's assertion of qualified privilege) added Count IX, state law claims against the College for negligent hiring, negligent supervision, and negligent retention of Dr. Sergent. In a separate Count X, Plaintiff specified that Dr. Porter was seeking to hold the College vicariously liable for Dr. Sergent's defamation. Plaintiff also added claims pursuant to, and in violation of, Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-2, and 42 42 U.S.C. § 2000e-3, the

---

[1] The Complaint is wrongly labeled as "First Amended Complaint." It should be properly labelled as "Second Amended Complaint." The references to the Complaint herein are to the "Second Amended Complaint".

2

Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623 (a) (1) and Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 (a).

The Defendants immediately had the consolidated case removed to this Court, pursuant to 28 U.S.C. § 1441, based on federal jurisdiction under 28 U.S.C. 1331. The College has now filed a motion to dismiss Count IX (Negligence in Hiring, Retaining and Supervising Dr. Tyler F. Sergent) and Count X (Respondeat Superior Liability). This Response addresses those defenses.

### Standard of Review

To survive a motion to dismiss under FRCP 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 350 U.S. 544, at 570 (2007). However, a plaintiff need not include "detailed factual allegations" in order to satisfy the Rule. *Twombly, supra*, 550 U.S. at 555. Plaintiff's Complaint does contain "detailed factual allegations."

Where plaintiffs state "simply, concisely, and directly events that . . . entitled them to damages," the rules require "no more to stave off threshold dismissal for want of an adequate statement[.]" *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014).

### Argument

A.  THE COLLEGE'S DENIALS THAT DR. SERGENT ACTED IN HIS OFFICIAL CAPACITY AS ITS EMPLOYEE WHEN HE DEFAMED DR. PORTER IN THE E-MAILS ESTOP THE COLLEGE FROM ASSERTING THE STATUTE OF LIMITATIONS, OR TOLLED ITS COMMENCEMENT UNTIL DR. SERGENT PLEADED HIS QUALIFIED PRIVILEGE DEFENSE IN MAY 2019.

The College contends that the one-year statute of limitations under KRS 413.140 for libel and slander actions bars the Second Amended Complaint's negligent retention/supervision claims

(Memorandum at 6). Presumably, the College also claims that the one-year bar under KRS 413.140 generally applies to negligent retention/supervision claims directly, as well.

It should first be noted that "[s]tatute-of-limitations defenses are most properly raised in [summary judgment] motions, rather than [motions to dismiss], because a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim." *Paulin v. Kroger Ltd. Partnership I*, No. 3:14-cv-669, 2015 WL 1298583 at *4 (W.D. Ky. Mar. 23, 2015).

When Dr. Porter was still a college employee prior to October 1, 2018 the College initially and frequently disassociated itself from Dr. Sergent in denying he had acted in his official capacity as a College employee when he defamed Dr. Porter. It is telling that the College sought consolidation of the cases in state court only after Dr. Sergent had first pleaded a qualified privilege as a defense in his state court motion to dismiss on May 14, 2019.

In other words the College sought to actively deflect or conceal any liability it might have for its employee Dr. Sergent's tortious actions. Dr. Porter sought to sue the College and Dr. Sergent separately in state court to keep the two Defendants from pointing fingers at each other in front of a jury. However, the Defendants chose to confuse the issues for a jury and consolidated the cases. As Dr. Porter pointed out in his opposition to the motion to consolidate:

> The 'disadvantage' that Plaintiff foresees is that the jury will have quite significant problems balancing the competing claims and defenses of the parties, if consolidation is granted . . . The jury verdict form, and the jury instructions, would be an imbroglio of qualifications . . .
>
> . . . Dr. Sergent has claimed Qualified Privilege . . . alleging that his College employment duties permitted, even encouraged, his actions in opposition to the SGA's grant of its Service Award to Dr. Porter. Dr. Sergent alleges that the College authorized this action, as well as his written criticism of Dr. Porter to members of the College community.
>
> Berea College, on the other hand, twice in its Answer, denies that Dr. Sergent acted on its behalf, or with its knowledge or approval. The defenses of Dr. Sergent and Berea College are diametrically opposed.

4

> . . . Plaintiff did not, responsibly, bring the Respondeat Superior claim against the College earlier, as he was aware that the College denied that Dr. Sergent acted on its behalf. Until Dr. Sergent asserted to the contrary, Dr. Porter's Respondent Superior allegations could have been professionally objectionable. Dr. Sergent's (later) assertions of his defense ha[ve] opened this up, as a responsible claim by Dr. Porter against Berea College.
> (August 26, 2019, Plaintiff's Objection to Defendants' Motion to Consolidate at 2-3).

The state court granted the motion to consolidate over Dr. Porter's well-reasoned objections. Upon removal to federal court, Dr. Porter still finds himself facing the jury confusion resulting from the College's obfuscation of its knowledge and lack of action to rein in its employee Dr. Sergent from acting on its behalf, in libelously attacking Dr. Porter in the eyes of the Berea College community.

"An estoppel may arise to prevent a party from relying on a statute of limitation by virtue of a false representation or fraudulent concealment." *Munday v. Mayfair Diagnostic Lab*, 831 S.W.2d 912, 914 (Ky. 1992)

Also, Ky. Rev. Stat. § 413.190(2), Kentucky's equitable tolling statute, provides as follows:

> When a cause of action mentioned in KRS 413.090 to 413.160 accrues against a resident of this state, and he by absconding or concealing himself <u>or by any other indirect means obstructs the prosecution of the action</u>, the time of the continuance of the absence from the state or obstruction shall not be computed as any part of the period within which the action shall be commenced. But this saving shall not prevent the limitation from operating in favor of any other person not so acting, whether he is a necessary party to the action or not. (Emphasis added).

"The 'other indirect means' of obstruction must consist of some act or conduct which in point of fact misleads or deceives plaintiff and obstructs or prevents him from instituting his suit while he may do so." *Emberton v. GMRI*, Inc., 299 S.W.3d 565, 573 (2009); *see also Munday, supra,* 831 S.W.2d at 915; *Osborn v. Griffin*, 865 F.3d 417, 437 (6th Cir. 2017).

On multiple occasions prior to Dr. Sergent's pleading of a qualified privilege arising from his employment at the College and prior to the consolidation of the lawsuits, the College

5

affirmatively denied Dr. Sergent was acting as its employee when he defamed Dr. Porter and renounced his actions as wholly separate from his duties as an SGA Faculty Advisor. Meanwhile, the Second Amended Complaint specifically alleges in ¶¶ 67-68:

> Though immediately aware of Dr. Sergent's false statements in his e-mails in retaliation against Dr. Porter and with knowledge of Dr. Sergent's express threats against SGA board members, the College's administrators did nothing to investigate or repudiate Dr. Sergent's actions. On the contrary, the College supported Dr. Sergent's acts by thereafter interpreting the SGA award requirements, based on no rule or precedent, to prohibit giving the SGA award to a faculty member on suspension for an alleged workplace-related offense.
>
> [T]he College's administrators did not investigate or discipline Dr. Sergent and later rewarded Dr. Sergent by giving him a tenured position as an associate professor of history at the College.

Under the circumstances pleaded in the Second Amended Complaint, *see, e.g.*, ¶¶ 67-68, the College knew about Dr. Sergent's defamation and supported him, in further service of the College's efforts to terminate Dr. Porter "for cause," yet the College answered with ignorance to Dr. Porter's Complaint. The College's deceptive actions misled Dr. Porter to refrain from asserting his state law claims against the College in the action against Dr. Sergent, especially given the potential jury confusion in a suit versus the two defendants. Therefore, Dr. Porter's state law allegations against the College should be considered tolled to the extent that they are rendered timely when filed. *Cf. Emberton, supra*, 299 S.W.3d at 574; *North Texas Opportunity Fund L.P. v. Hammerman & Gainer International*, Inc., 107 F.Supp.3d 620, 636 (N.D. Tex. 2015) (the limitations period for tortious interference with a contract was tolled because the plaintiff did not know that the defendant directors had a personal interest in profits they diverted to a shell company until the IRS later informed the Plaintiff).

Furthermore, the employer-employee relationship is a fiduciary relationship under Kentucky law. *Fastenal Co. v. Crawford*, 609 F.Supp.2d 650, 665 (E.D. Ky. 2009) (citing

*Henkin, Inc. v. Berea Bank & Trust Co.*, 566 S.W.2d 420, 423 (1978)). In circumstances where worker's compensation laws are inapplicable, the common law also "imposes upon the master the duty of exercising ordinary care to provide the servant a reasonably safe place in which to perform the work required of him." *Payne v. High Splint Coal Co.*, 239 Ky. 634, 40 S.W.2d 299, 300 (1931).

"[W]here the law imposes a duty of disclosure, a failure of disclosure may constitute concealment under KRS 413.190(2)[.]" *Emberton, supra*, 299 S.W.3d at 574 (citing *Munday, supra,* 831 S.W.2d at 915). There is authority that "[i]n the presence of a fiduciary or confidential relationship, a false denial of knowledge or information by one who is in possession of the facts may result in liability, if its effect is to lead the potential plaintiff to believe that the facts do not exist or cannot be discovered." *Goellner v. Butler*, 836 F.2d 426, 431 (8th Cir. 1988) (citing *Restatement (Second) of Torts* § 550, comment b (1976)); *cf. Osborne, supra*, 865 F.3d at 438-439.

Accordingly, given the College's deceptive denials to its employee Dr. Porter of its knowledge of and support of Dr. Sergent's defamatory statements, and given Dr. Porter's wise caution in first not asserting his state law claims against the College without further evidence, the College is estopped or barred from asserting the statute of limitations as a defense due to its fraudulent or misleading concealment of the causes of action against it. The College's waiting until the consolidation of these cases and removal to this Court underscores the College's gamesmanship.

If the Court holds that the Amended Complaint does not currently set forth sufficiently specific facts to spell out the College's misleading or deceitful obstruction or prevention of Dr. Porter from filing his state law claims against the College within the applicable limitations

7

period, this Court should grant Dr. Porter leave to amend his complaint under FRCP 15(a)(1)(B), wherein such relief is granted "freely."

> **B. THE FIRST AMENDED COMPLAINT ALLEGES SUFFICIENT FACTS TO STATE A CAUSE OF ACTION AGAINST THE COLLEGE FOR ITS NEGLIGENT SUPERVISION / RETENTION OF DR. SERGENT.**

In *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840 (Ky. 2005), the Supreme Court of Kentucky explained that claims for negligent hiring, retention and supervision arise from the special relationship between the tortfeasor and the employer and are of two types: (1) negligent failure to warn and (2) negligent failure to control. *Id.* at 850-51 (cited in *Feltner v. PJ Operations, LLC*, 568 S.W.3d 1, 6 (Ky. Ct. App. 2018).

In *Carneyhan*, *supra*, the Court emphasized the negligent failure to control the person who caused the harm must be actual and, if exercised, would have meaningfully reduced the risk of harm that occurred:

> The Second Restatement provides that a special relationship exists between master and servant only if the servant is using an instrumentality of the employment relationship to cause harm, i.e., either the master's chattel or premises entered by virtue of the employment relationship. *Restatement (Second) of Torts* § 317 (1965). The proposed Third Restatement puts this requirement more succinctly: 'Special relationships giving rise to the duty provided in [§ 41(a)] include:
>
> ... (3) an employer with employees when the employment facilitates the employee's causing harm to third parties." *Restatement (Third) of Torts: Liability for Physical Harm* § 41(b)(3) (Proposed Final Draft No. 1, 2005) (emphasis added). [...] Again, the common thread through the above-described employment relationships is that the employer has a real means of control over the employee which, if exercised, would meaningfully reduce the risk of harm.

*Id.* at 852 (cited in *Feltner*, *supra*, 568 S.W.3d at 6).

The First Amended Complaint is replete with allegations of specific facts which show (1) the College negligently failed to warn Dr. Sergent to stand down from defaming and retaliating

8

against Dr. Porter for "offending" his wife and the "politically correct" campus, and (2) the College negligently failed to control Dr. Sergent to prevent him from doing so, and, instead, aided and abetted him and rewarded him with a promotion (*See, e.g.* ¶¶ 42, 44, 55-68, 167-168, 200-201). As such, these allegations more than satisfy the pleading requirements of a cause of action for negligent retention / supervision.

      **C.**      **THE FIRST AMENDED COMPLAINT ALLEGES SUFFICIENT FACTS TO SHOW AN "ADVERSE EMPLOYMENT ACTION" RESULTING FROM HIS ILLEGAL RETALIATION.**

In addition to seeking revenge for Dr. Porter's perceived "personal attack" against his wife, Dr. Sergent sent his malicious missives to the SGA members to convince them to rescind the award to Dr. Porter in retaliation for his participation in the defense of Dr. Messer in the prior hostile workplace proceedings, in violation of KRS 344.280(1) of the KCRA. Furthermore, Dr. Sergent retaliated against Dr. Porter for his opposition to discriminatory statements made by Dr. Sergent's wife in a hiring meeting when she stated that the last thing their department needed was to hire any more "old white guys".

The College contends that the Complaint fails to allege an "adverse employment action" resulting from his illegal retaliation (Memorandum at 8-10). The Complaint, though, specifically alleges that Dr. Sergent retaliated against Dr. Porter in an attempt to discredit him in front of the students and to injure his academic career, resulting in the rescission of the award, and that the College aided and abetted Dr. Sergent and rewarded him with a promotion for doing so (*see* ¶¶ 54-69, 167-168, 192-197, 200-201).

Although related in nature, the plaintiff's claims of retaliation under KCRA are separate causes of action and do not rely or depend upon any underlying discrimination claim. KRS 344.280(1) states as follows:

> It shall be an unlawful employment practice for a person, or for two or more persons to conspire or retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge or filed a complaint.

To be materially adverse, the employment action need not be economic in nature. "A material modification in duties and loss of prestige may rise to the level of adverse action." *Brooks v. Lexington-Fayette Urban County Housing Auth.*, 132 S.W.3d 790,803 (Ky. 2004), at 803. Examples of an adverse action include: "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 761 (1998).

The United States Supreme Court in *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006), significantly broadened the type of actionable retaliation. The Court held that the anti-retaliation provision of Title VII is not limited to discriminatory employment actions and, thus, prohibits retaliatory acts that do not affect a term, condition, or privilege of employment. An employee can establish a "materially adverse" action if the action might dissuade a reasonable person from making or supporting discrimination charge.

The Supreme Court in *Burlington Northern* further held that "[t]he significance of any given act of retaliation will often depend on the particular circumstances. Context matters." *Id.* at 69. The Court proceeded to explain that within the context of a particular employee's work situation, a schedule change, a supervisor's refusal to invite an employee to lunch, or being

10

excluded from weekly training could be deemed materially adverse actions which might deter a reasonable employee from complaining about discrimination. *Id.*

There is express authority citing *Burlington Northern* after its opinion, where courts have held that failure to give a plaintiff an employment award or the rescission of an award may constitute an adverse employment action sufficient to prove a retaliation claim. *See, e.g., Saunders v. Mills,* 172 F.Supp.3d 74, 92 (D.D.C. 2016); *Bolduc v. Town of Webster,* 629 F.Supp.2d 132, 152-53 (D. Mass 2009).

In the case at bar, Dr. Sergent intentionally and maliciously defamed Dr. Porter and caused the rescission of the 2018 Student Service Award in retaliation for Dr. Porter's past participation in, and support of, Dr. Messer, during the prior disciplinary proceedings. As Dr. Sergent did so while in the course of his employment, the College may be vicariously liable for his retaliation against Dr. Porter in violation of KRS 344.280(1)

In light of *Burlington Northern,* Dr. Porter need not show any detriment to his employment at the College but only that Dr. Sergent's malicious defamation was "materially adverse" to him. *Cf. Kent v. Commonwealth, Fish and Wildlife*, No. 2008-CA-001975-MR, 2009 WL 4060493 at *5 (Ky. Ct. App., Nov. 25, 2009)

    D.    **COUNT X SUFFICIENTLY PLEADS THE ISSUE OF THE COLLEGE'S RESPONDEAT SUPERIOR LIABILITY.**

Under the doctrine of respondeat superior, an employer can be held vicariously liable for an employee's tortious actions if committed in the scope of his or her employment." *Papa John's International, Inc. v. McCoy*, 244 S.W.3d 44, 56 (2008). For alleged conduct to be considered within the scope of employment "the conduct must be of the same general nature as that

11

authorized or incidental to the conduct authorized." *Osborne v. Payne,* 31 S.W.3d 911, 915 (Ky. 2000)."

Count X merely sets forth that Dr. Sergent was an employee of the College acting within the scope of his employment when he used his College e-mail address, the College computer network, and his formal position as "Faculty Advisor to the SGA" to retaliate against Dr. Porter for his participation in and defense of Dr. Messer in the prior hostile workplace proceedings, and to attempt to discredit Dr. Porter in front of the students. This injured Dr. Porter's academic career at the College by making the false and defamatory statements against Dr. Porter in the April 8-9, 2018 emails. The College is, therefore, vicariously liable for Dr. Sergent's liability on each of Counts VI – VIII. The College's motion to dismiss Count X as stating respondeat superior as a separate cause of action is irrelevant, since the grounds for Count X had been well-pleaded earlier in the Complaint.
.

## **Conclusion**

The Court should deny the College's motion to dismiss and proceed to a trial on the merits based on the allegations of the Second Amended Complaint.

Respectfully Submitted,

***(S) Hon. John F. Lackey***
HON. JOHN F LACKEY
214 West Main Street
Richmond KY 40475
859-575-7206
lackeylaw@att.net

***(S) Hon. Debra A. Doss***
HON. DEBRA DOSS
108 Pasadena Dr.
Lexington, Kentucky 40503
(859) 260-1980
debra.doss@qx.net

13

*****************

CERTIFICATE OF SERVICE

      I hereby certify that I have served a true copy of the foregoing RESPONSE by electronic mail upon the following:

Hon. Sharon L. Gold
Hon. W. Craig Robertson II
Wyatt, Tarrant & Combs
250 West Main Street
Suite 1600
Lexington KY 40507
sgold@wyattfirm.com
ATTORNEY FOR DEFENDANT, Berea College

Hon. Thomas W. Miller
Miller, Griffin & Marks PSC
271 West Short St., Ste. 600
Lexington KY 40507
twm@kentuckylaw.com
ATTORNEY FOR DEFENDANT, F. Tyler Sergent

      This the 2nd day of January, 2020.

                                           *(S) Hon. Debra Doss*
                                            HON. DEBRA DOSS
                                            108 Pasadena Dr.
                                            Lexington, Kentucky 40503
                                            (859) 260-1980
                                            debra.doss@qx.net
                                            ATTORNEY FOR PLAINTIFF