UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| DAVID B. PORTER, | CIVIL ACTION NO. 5:19-455-KKC |
| Plaintiff, | |
| V. | ORDER |
| TYLER F. SERGENT, and BEREA COLLEGE, | |
| Defendants. | |

*** *** ***

This matter is before the Court on several motions: two motions to compel filed by David Porter (DE 4 and 21), two motions for a hearing filed by Porter (DE 17 and DE 19), a motion for a protective order filed by Berea College (DE 25), and a motion to expedite and set a hearing with respect to the motion for a protective order filed by Berea College (DE 26). For the reasons stated below, the motions to compel (DE 4 and 21) are **DENIED**, the motions for a hearing (DE 17 and 19) are **DENIED**, the motion for a protective order (DE 25) is **GRANTED** in part and **DENIED** in part, and the motion to expedite and set a hearing (DE 26) is **DENIED AS MOOT**.

I.  **Porter's Motions to Compel (DE 4 and 21) and Motion for Hearing on the Motion to Compel (DE 19).**

Plaintiff David Porter has filed two motions to compel. The motions seek an order requiring Berea College ("Berea") to produce a copy of a report prepared by Scott Lewis. According to Berea, the report by Lewis was prepared at the request of Berea's in-house counsel in anticipation of litigation, and thus, it is privileged. (DE 10.)

1

The Court need not determine whether the report is privileged at this time because the motions to compel are plainly premature. Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Essentially, Porter's motions to compel are a request for the Court to enter an order expediting discovery. Porter, however, provides no reason why expedited discovery would be warranted. Thus, the Court will not consider these motions any further at this time.

Porter has also filed a motion requesting a hearing on the motions to compel. (DE 19.) The Court finds that a hearing is not necessary. Accordingly, the motion for a hearing is denied.

## II.     Porter's Motions for a Hearing on Berea's Motion to Dismiss. (DE 17.)

Porter has also filed a motion for a hearing with respect to Berea's motion to dismiss. The Court finds that a hearing is not necessary. The issues raised in the motion to dismiss have been sufficiently briefed and are under consideration by the Court. The Court finds that a hearing would not assist in the resolution of the issues raised. Accordingly, Porter's motion for a hearing on Berea's motion to dismiss is also denied.

## III.    Berea's Motion for a Protective Order (DE 25) and Motion to Expedite Briefing (DE 26).

Berea has also filed a motion for a protective order, which seeks to preclude Porter from "moving forward with depositions until: (1) Berea's pending Motion to Dismiss has been resolved and Berea knows what claims remain in issue; and (2) Porter submits to a deposition before any other witness is deposed." (DE 25 at 1.) This motion is granted in part and denied in part.

Recently, Porter filed a Notice to Take Deposition of Dr. Wayne Messer. (DE 24.) This deposition is noticed for August 4, 2020. Berea seeks a protective order to prohibit Porter from moving forward with depositions until the pending motions to dismiss have been resolved. In light of the upcoming deposition date, Berea also requests expedited briefing and a hearing on its motion for a protective order. (DE 26.)

Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The parties have yet to confer in accordance with this rule. Accordingly, Porter's Notice to Take Deposition plainly violates Federal Rule of Civil Procedure 26(d)(1).

The Court is cognizant that Porter wishes to move forward with discovery, however, doing so at this time is inappropriate and in contravention of the Federal Rules of Civil Procedure. Further briefing on this motion is not necessary as engaging in this type of discovery is inappropriate at this time. After the resolution of the pending motions to dismiss, a scheduling order will be entered by the Court. Discovery will be conducted in accordance with that order. If discovery disputes arise after the Court enters the scheduling order, the parties may—in accordance with the scheduling order and the Federal Rules of Civil Procedure—file a motion requesting relief of Court.

Accordingly, the Court grants Berea's motion for a protective order to the extent the motion seeks to preclude Porter from moving forward with depositions until after the motions to dismiss have been resolved. To the extent Berea requests an order from the Court requiring Porter to submit to a deposition before any other witnesses, the Court is not aware of any law or rule that would require a plaintiff to submit to a deposition before any other witnesses. The Court, accordingly, denies this request.

In light of the Court's ruling on the motion for a protective order, the motion to expedite and set a hearing is moot.

### IV.     Conclusion.

Based on the foregoing, the Court **HEREBY ORDERS** as follows:

(1) Porter's motions to compel (DE 4 and DE 21) are **DENIED**.

(2) Porter's motion for a hearing on his motion to compel (DE 19) is **DENIED**.

(3) Porter's motion for a hearing on Berea's motion to dismiss (DE 17) is **DENIED**.

(4) Berea's motion for a protective order (DE 25) is **GRANTED** in part and **DENIED** in part. To the extent Berea's motion seeks to preclude Porter from moving forward with depositions until the resolution of the motions to dismiss, it is **GRANTED**. To the extent Berea's motion seeks an order requiring Porter to submit to a deposition before any other witnesses, it is **DENIED**. Porter is prohibited from moving forward with depositions until the Court rules on the pending motions to dismiss.

(5) Berea's motion to expedite and set a hearing (DE 26) is **DENIED AS MOOT**.

Dated July 27, 2020

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY