UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

*Electronically Filed*

| | | |
|---|---|---|
| DR. DAVID B. PORTER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. 5:19-cv-00455-KKC |
| DR. F. TYLER SERGENT | ) | |
| and | ) | |
| | ) | |
| BEREA COLLEGE, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## DEFENDANT BEREA COLLEGE'S RULE 26(a)(1) INITIAL DISCLOSURES

Comes the Defendant, Berea College ("Berea"), by counsel, and hereby submits its Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1):

## PRELIMINARY STATEMENT

Berea has not completed the investigation of all of the facts of this case or analysis of this matter, and has not completed preparation for trial. These disclosures are provided without prejudice to Berea's right to introduce at trial any evidence that is subsequently discovered relating to relevant issues involved in this case, and to produce and introduce all information whenever discovered relating to the proof of subsequently discovered material facts. Moreover, facts, documents, and things now known may be imperfectly understood at this time and, accordingly, such facts, documents, and things may not be included in the following statement. Berea reserves the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial any and all facts, documents, and things notwithstanding the initial disclosures herein. Berea

further reserves the right to refer to, conduct discovery with reference to, or offer into evidence at trial any and all facts, documents, and things which it does not presently recall but may recall at some time in the future.

Berea objects to the disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA"), or any other applicable privilege. To the extent that Berea inadvertently discloses information that may be protected from discovery under the attorney-client privilege, the attorney work product doctrine, FERPA, or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege.

The information set forth below is provided without waiving (1) the right to object to the use of any response for any purpose, in this action or any other action, on the grounds of privilege, relevance, materiality, or any other appropriate grounds; (2) the right to object to any requests involving or relating to the subject matter of the response herein; and (3) the right to revise, correct, supplement, or clarify any of the responses provided below, at any time. Berea specifically reserves the right to supplement its responses herein in accordance with the Federal Rules of Civil Procedure and the rules of this Court.

## **INITIAL DISCLOSURES**

I.    **The name and, if known, the address and telephone number of each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

Berea has not completed the investigation of all the facts of this case. It is anticipated that more individuals with information may be discovered. Without waiving any objections, Berea identifies the following individuals:

1. Dr. David Porter, c/o Counsel for Plaintiff. Knowledge regarding the allegations set forth in the Complaints and Answers.

2. Dr. Chad Berry, Former Academic Vice President and Dean of Faculty at Berea, Current Vice President for Alumni and College Relations; Goode Professorship in Appalachian Studies; and Professor of History at Berea, c/o Counsel for Berea. Knowledge concerning the Disciplinary Hearing, the Charge against Plaintiff, the effect of the Plaintiff's actions and the Survey on students, alumni, and colleagues, communications, documents, and repercussions regarding same, to the extent relevant, the Title VII/IX complaint and communications regarding same, Berea policies at issue, as well as academic freedom, professional responsibilities of professors, cause for dismissal in this case, and any other relevant facts pertinent to this matter.

3. Dr. Lyle Roelofs, President of Berea, c/o Counsel for Berea. Knowledge concerning the effect of Plaintiff's actions and the Survey on students, alumni, and colleagues, communications, documents, and repercussions regarding same, to the extent relevant, the Title VII/IX complaint and communications regarding same, Berea policies at issue, as well as academic freedom, professional responsibilities of professors, cause for dismissal in this case, the College's decision, and any other relevant facts pertinent to this matter.

4. Dr. Jill Bouma, Associate Professor of Sociology at Berea, c/o Counsel for Berea. Knowledge about surveys, the methods for surveying and ethics for same, the fallout from the Survey on the Title VII/IX complainants, effect on students, alumni, and colleagues, potential effects on future Title VII/IX complainants, and any other relevant facts pertinent to this matter.

5. Dr. Andrea Woodward, Assistant Professor of Social Sciences, Chair of the Sociology Department at Berea, c/o Counsel for Berea. Knowledge about surveys, the methods for surveying and ethics for same, the fallout from the Survey on the Title VII/IX complainants, effect on students and colleagues, potential effects on future Title VII/IX complainants, and any other relevant facts pertinent to this matter.

6. Dr. Sarah M. Jones, Assistant Professor of Psychology at Berea, c/o Counsel for Berea. Knowledge about surveys, the methods for surveying and ethics for same, the fallout from the Survey on the Title VII/IX complainants, effect on students and colleagues, potential effects on future Title VII/IX complainants, and any other relevant facts pertinent to this matter.

7. Dr. Wendy Williams, Professor of Psychology and Women's Studies; Chair, Psychology Department at Berea, c/o Counsel for Berea. Knowledge about the Survey and its effect on students, Title VII complainants, colleagues, any potential effect on future Title VII/IX complainants, and any other relevant facts pertinent to this matter.

3

8.  Dr. Amanda Wyrick, Associate Professor of Psychology at Berea, c/o Counsel for Berea.  Knowledge about the Survey and its effect on students, Title VII complainants, colleagues, and potential effect on future Title VII/IX complainants, and any other relevant facts pertinent to this matter.

9.  Dr. Tracy Hodge, Associate Professor of Physics, Chair of the Academic Division I at Berea College, c/o Counsel for Berea.  Knowledge about the Survey and its effect on students, Title VII complainants, colleagues, any potential effect on future Title VII/IX complainants, and any other relevant facts pertinent to this matter.

10. Dr. Nancy Y. Gift, Compton Chair of Sustainability, Associate Professor of Environmental Studies, Chair of Academic Division II, c/o Counsel for Berea. Knowledge about the Survey and its effect on students, Title VII complainants, colleagues, any potential effect on future Title VII/IX complainants, and any other relevant facts pertinent to this matter.

11. Dr. Rob Smith, Director of Academic Assessment, Associate Professor of Psychology at Berea College, c/o Counsel for Berea.  To the extent relevant, knowledge of the Title VII/IX complaint and communications regarding same, knowledge about the IRB, the Survey at issue and communications regarding same, the fallout of the Survey, and any other relevant facts pertinent to this matter.

12. Dr. Wayne Messer, Associate Professor of General Studies at Berea, c/o Counsel for Berea.  To the extent relevant, knowledge of the Title VII/IX complaint and communications regarding same, the Survey at issue and communications regarding same, the fallout of the Survey, and any other relevant facts pertinent to this matter.

13. Dr. Jose Bey, Associate Professor of African and African America Studies at Berea, c/o Counsel for Berea.  To the extent relevant, knowledge of the Title VII/IX complaint and communications regarding same, the Survey at issue and communications regarding same, the fallout of the Survey, and any other relevant facts pertinent to this matter.

14. Defendant, Dr. Tyler Sergent, Associate Professor of General Studies and History at Berea, c/o Attorney Thomas Miller.  Knowledge about the Survey and its effect on students, Title VII complainants, colleagues, any potential effect on future Title VII/IX complainants, and any other relevant facts pertinent to this matter.

15. Dr. Brian Cusato, Associate VP for Academic Affairs; Special Assistant to the President; Professor of Psychology and Behavioral Neuroscience at Centre College; Old Centre, 600 W. Walnut, Danville, KY 40422; 859-238-5226.  Knowledge about the Survey and its effect on students, Title VII complainants, colleagues, any potential

effect on future Title VII/IX complainants, and any other relevant facts pertinent to this matter.

16. Linda Strong-Leek, current Provost; Professor of African and Africana Studies; and Professor of Gender and Sexuality Studies at Haverford College, 370 Lancaster Ave., Haverford, PA 19041; 610-896-1000; former Provost, VP for Diversity and Inclusion, and Professor of Women's and Gender Studies and General Studies at Berea. To the extent relevant, knowledge of the Title VII/IX complaint and communications regarding same, the Survey and its effect on students, Title VII complainants, colleagues, any potential effect on future Title VII/IX complainants, and any other relevant facts pertinent to this matter.

17. Judith Weckman, Director, Office of Institutional Research and Assessment at Berea, c/o Counsel for Berea. To the extent relevant, knowledge of the the IRB and communications regarding same, and any other relevant facts pertinent to this matter.

18. Katherine Basham, current Director of Rural Impact for Partners for Education at Berea College; former Director of Diversity of Inclusion Initiatives and Title VII/IX Coordinator at Berea, c/o Counsel for Berea. To the extent relevant, knowledge of the Title VII/IX complaint and communications regarding same, and any other relevant facts pertinent to this matter.

19. Dr. Eric Pearson, Henry Mixter Chair of Philosophy; Associate Professor of Philosophy at Berea, c/o Counsel for Berea. Knowledge concerning the Disciplinary Hearing, and any other relevant facts pertinent to this matter.

20. Dr. Michael Berheide, Professor of Political Science; Chair of the Political Science Department at Berea, c/o Counsel for Berea. Knowledge concerning the Disciplinary Hearing, and any other relevant facts pertinent to this matter.

21. Dr. Caryn Vazzana, Associate Professor of Economics at Berea, c/o Counsel for Berea. Knowledge concerning the Charge against Plaintiff, and any other relevant facts pertinent to this matter.

22. Dr. Mary Robert Garrett, Coordinator of Advising; Associate Professor of Chemistry; Chair of the Chemistry Department at Berea, c/o Counsel for Berea. Knowledge concerning the Charge against Plaintiff, and any other relevant facts pertinent to this matter.

23. Dr. Neil Mecham, Associate Professor of Child and Family Studies; Chair of the Child and Family Studies Department at Berea, c/o Counsel for Berea. Knowledge concerning the Charge against Plaintiff, and any other relevant facts pertinent to this matter.

24. Professor Lisa Kriner, Professor of Art; Morris B. Belknap, Jr. Chair in Fine Arts; Chair of Academic Division V at Berea, c/o Counsel for Berea. Knowledge concerning the Charge against Plaintiff, and any other relevant facts pertinent to this matter.

25. Dr. Peggy Rivage-Seul, former Professor of Women's Studies; Coordinator for the Women's and Gender Studies Program; and Director of the Women in Public Service Project at Berea (retired) c/o Counsel for Berea. Knowledge concerning the Charge against Plaintiff, and any other relevant facts pertinent to this matter.

26. Dr. John Carlevale, Associate Professor of Classical Language and Literature at Berea, c/o Counsel for Berea. Knowledge concerning communications with Plaintiff, the Charge against Plaintiff, and any other relevant facts pertinent to this matter.

27. Dr. Jay Baltisberger, Professor of Chemistry at Berea College, c/o Counsel for Berea. Knowledge concerning the Disciplinary Hearing, the Charge against Plaintiff, and any other relevant facts pertinent to this matter.

28. Dr. James Butler, Associate Professor of Philosophy; Chair of the Philosophy Department at Berea, c/o Counsel for Berea.  Knowledge concerning the Disciplinary Hearing, the Charge against Plaintiff, and any other relevant facts pertinent to this matter.

29. Dr. Ed McCormack, Professor of Business; Chair of the Economics and Business Department at Berea, c/o Counsel for Berea.  Knowledge concerning the Disciplinary Hearing, the Charge against Plaintiff, and any other relevant facts pertinent to this matter.

30. Dr. Judy Ann Rector, retired Professor of Mathematics at Berea, c/o Counsel for Berea. Knowledge concerning the Disciplinary Hearing, the Charge against Plaintiff, and any other relevant facts pertinent to this matter.

31. Dr. Robert Yahng, Chairman of Berea College Board of Trustees, c/o Counsel for Berea. Knowledge concerning Plaintiff's appeal to the Board's Executive Committee, and any other relevant facts pertinent to this matter.

32. Dr. Richard Cahill, Director of the Center for International Education and Professor of History at Berea, c/o Counsel for Berea.  Knowledge about the effect of Plaintiff's actions and the Survey on students, alumni, and/or colleagues, communications, documents and repercussions regarding same, and any other relevant facts pertinent to this matter.

33. Clara Chapman - Assistant Director and Labor Supervisor, Office of Institutional Research and Assessment, at Berea, c/o Counsel for Berea.  Knowledge about the

6

Survey, at issue, ethics relating to surveys, communications regarding same, and any other relevant facts pertinent to this matter.

34. Jackie Collier - Associate VP of Alumni Relations at Berea, c/o Counsel for Berea. Knowledge about the effect of Plaintiff's actions and the Survey on students, alumni, and/or colleagues, communications, documents and repercussions regarding same, and any other relevant facts pertinent to this matter.

35. Heather Dufour - Organizational Grants Officer for Partners for Education at Berea, c/o Counsel for Berea. Knowledge about the IRB, the Survey at issue, communications regarding same, and any other relevant facts pertinent to this matter.

36. Beth Feagan, Lecturer of General Education at Berea, c/o Counsel for Berea. Knowledge about the Survey and its effect on students, Title VII complainants, colleagues, any potential effect on future Title VII/IX complainants, and any other relevant facts pertinent to this matter.

37. Gus Gerassimides - Assistant VP of Student Life at Berea, c/o Counsel for Berea. Knowledge about the effect of Plaintiff's actions and the Survey on students, alumni, and/or colleagues, communications, documents and repercussions regarding same, and any other relevant facts pertinent to this matter.

38. Dr. Sarah Hall - Associate Professor of Agriculture and Natural Resources; Chair of Agriculture and Natural Resources Department at Berea, c/o Counsel for Berea. Knowledge about the Survey and its effect on students, Title VII complainants, colleagues, any potential effect on future Title VII/IX complainants, and any other relevant facts pertinent to this matter.

39. Lavoyed Hudgins – Director of Public Safety at Berea, c/o Counsel for Berea. Knowledge about the effect of Plaintiff's actions and the Survey on students, alumni, and/or colleagues, communications, documents and repercussions regarding same, and any other relevant facts pertinent to this matter.

40. Anthony Kiatis. Anthony Kiatis is an Alumnus of Berea College. Knowledge about the effect of Plaintiff's actions and the Survey on students, alumni, and/or colleagues, communications, documents and repercussions regarding same, and any other relevant facts pertinent to this matter.

41. Dr. Deborah Martin - Chair, Department of Theatre at Berea College, c/o Counsel for Berea. Knowledge about the Survey and its effect on students, Title VII complainants, colleagues, any potential effect on future Title VII/IX complainants, and any other relevant facts pertinent to this matter.

7

42. Dr. Qrescent Mason - Current Assistant Professor of Philosophy at Haverford College, 370 Lancaster Ave., Haverford, PA 19041610-795-1801; former Assistant Professor of Women's and Gender Studies at Berea.  Knowledge about the IRB, the Survey at issue, communications regarding same, and any other relevant facts pertinent to this matter.

43. Dr. Troy Messina - Associate Professor of Physics; Chair of Physics Department at Berea, c/o Counsel for Berea.  Knowledge about the IRB, the Survey at issue, communications regarding same, and any other relevant facts pertinent to this matter.

44. Dr. Ian Norris – Associate Professor of Business at Berea, c/o Counsel for Berea. Knowledge about the Survey at issue, communications regarding same, the effect of Plaintiff's actions and the Survey on students, alumni, and/or colleagues, communications, documents and repercussions regarding same, and any other relevant facts pertinent to this matter.

45.  Dr. Jan Pearce - Professor of Computer and Information Science: Chair of Computer Science Department at Berea; Berea College AAUP Chapter Ombudsperson, c/o Counsel for Berea.  Knowledge about the effect of Plaintiff's actions and the Survey on students, alumni, and/or colleagues, communications, documents and repercussions regarding same, and any other relevant facts pertinent to this matter.

46. Dr. Roy Scudder-Davis, Chair of Biology Department; W. Leslie Worth Chair in Science; Professor of Biology at Berea.  Knowledge about the IRB, the Survey at issue, communications regarding same, and any other relevant facts pertinent to this matter.

47. Dr. Duane Smith - Eli Lily Chair in Religion; Associate Professor of Religion; Chair of Religion Department at Berea, c/o Counsel for Berea.  Knowledge about the Survey and its effect on students, Title VII complainants, colleagues, any potential effect on future Title VII/IX complainants, and any other relevant facts pertinent to this matter.

48. Dr. Althea Webb, Associate Professor of Education Studies; Chair of Academic Division VI at Berea, c/o Counsel for Berea.  Knowledge about the Survey and its effect on students, Title VII complainants, colleagues, any potential effect on future Title VII/IX complainants, and any other relevant facts pertinent to this matter.

49. Students who were enrolled in the Porter's PSY 210, Industrial/Organizational Psychology course in Spring 2018, and were named in the Survey at issue.  Berea will provide specific information regarding these students in accordance with FERPA. Knowledge about the effect of Plaintiff's actions and the Survey on students, alumni, and/or colleagues, communications, documents and repercussions regarding same, and any other relevant facts pertinent to this matter.

50. Students who made complaints regarding the Survey at issue. Berea will provide specific information regarding these students in accordance with FERPA. Knowledge about the effect of Plaintiff's actions and the Survey on students, alumni, and/or colleagues, communications, documents and repercussions regarding same, and any other relevant facts pertinent to this matter.

51. All witnesses identified by Plaintiff in his Initial Disclosures, Defendant, Tyler Sergent in his Initial Disclosures, and all the parties discovery responses and deposition(s), or otherwise through discovery by the parties.

**II. A copy of or a description by category and location of-all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:**

Berea is still in the process of looking for relevant documents and reviewing them for information that may be protected by FERPA, and specifically reserves the right to supplement its disclosures if such additional documents are discovered that it may use to support its defenses. Without waiving any objections, Berea may use relevant, non-privileged documents from the following categories in support of its defenses:

1. The pleadings filed in this case.

2. The Survey and email attachment.

3. Drafts of the Survey and correspondence regarding same.

4. Berea's Faculty Manual that is available online at:

   http://catalog.berea.edu/en/current/Faculty-Manual

5. Berea's Policy on Professional Competence and Dismissal for Cause available online at:  http://catalog.berea.edu/Current/Faculty-Manual/Personnel-Policies-for-Faculty

6. Faculty Manual Appendix B: Procedures for Dismissal for Cause Hearings available online at:  http://catalog.berea.edu/Current/Faculty-Manual/Appendices/Appendix-B-Procedures-for-Dismissal-for-Cause-Hearings

7. Documents/letters/emails from the Administration regarding the Grounds for Dismissal against Plaintiff and any response thereto by Plaintiff.

8. Emails from FAC to Plaintiff and/or Defendant.

9. Plaintiff's correspondence related to matters at issue in the Complaints and Answers.

10. Plaintiff's correspondence regarding the Wayne Messer Title VII/IX hearing/issues.

11. Plaintiff's correspondence regarding the issues with the PSY department.

12. 2015 HEDS Survey and Results (conducted at Berea).

13. 2016-17 UPENN Campus Climate Survey (conducted at Berea).

14. 2016-17 UPENN Campus Climate Survey Summary Results.

15. AAUP Journal of Academic Freedom Article by Dave Porter.

16. AAUP Statement on Professional Ethics.

17. Administrative Response re Survey (collective).

18. Alumni complaining about survey (collective).

19. Amanda Wyrick Letter.

20. APA Ethical Principals of Psychologists and Code of Conduct.

21. Belmont Report.

22. Collective Correspondence from Porter re Title VII and IX complaints.

23. Dismissal letter and statement of grounds.

24. Facebook Postings re survey.

25. Faculty complaints re survey (collective).

26. Faculty Manual 2017.

27. Final Survey.

28. First Draft Survey.

29. Inside Higher Ed Article: *Defining Academic Freedom* by Cary Nelson.

30. IRB Correspondence (collective).

31. Mea Culpa 1.

32. Mea Culpa 2.

33. Moodle Postings.

34. Porter correspondence asking complainants to apologize (collective).

35. Porter correspondence re survey (collective).

36. Post Survey communications from Porter (collective).

37. President's letter re 2017 Title VII IX complaints.

38. Student complaints re survey (collective).

39. Syllabus for Industrial Organizational Psychology PSCH 210.

40. Correspondence related to Plaintiff and/or the subject matters of the Complaint.

41. Records relating to the EEOC charge filed by Plaintiff.

42. The transcript of the Disciplinary Hearing for Plaintiff.

43. All documents that were introduced by Plaintiff and Berea at the Disciplinary Hearing
    for Plaintiff, including documents produced after the hearing by Plaintiff.

44. Faculty Appeals Committee decision in Disciplinary Hearing for Plaintiff.

45. Executive Committee Resolution relating to standard of review and process for review.

46. Executive Committee's decision relating to Plaintiff's appeal.

47. Files kept by Berea relating to Plaintiff's employment.

48. Plaintiff's medical records.

49. Plaintiff's online blog postings available online at: https://davesfsc.com/

50. Policy manuals on Academic Freedom.

51. All documents produced or identified by the Plaintiff in his Initial Disclosures,
    Defendant, Tyler Sergent in his Initial Disclosures, and all the parties' discovery

responses and deposition(s), and any other document otherwise produced through

discovery by the parties.

**III.     A computation of each category of damages claim by the disclosing party-who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

None.

**IV.     For inspection and copying as under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment in the action or to indemnify or reimburse payments made to satisfy the judgment.**

Previously produced as BC 768-775.


Respectfully submitted,

*/s/ Sharon L. Gold*
_____
W. Craig Robertson III
Sharon L. Gold
Thomas E. Travis
WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY  40507-1746
859.233.2012
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on October 30, 2020, I electronically filed the foregoing with the Clerk of the Court via the e-filing system, which will send a notice of electronic filing to counsel of record.


*/s/ Sharon L. Gold*
_____
Sharon L. Gold

12